IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| CORICHIA BRISCO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:23-CV-00031-BP |
| | ) | |
| MICHAEL RIGAS, ACTING | ) | |
| ADMINISTRATOR OF GENERAL | ) | |
| SERVICES ADMINISTRATION, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S SUPPLEMENTAL MOTION FOR SUMMARY JUDGMENT AND
RECONSIDERATION AND INCORPORATED SUGGESTIONS IN SUPPORT**

                                                Respectfully submitted,

                                                R. Matthew Price
                                                United States Attorney

                       By     Vanessa C. Kamberis, IL #6336132
                                Assistant United States Attorney
                                Western District of Missouri
                                400 East Ninth Street, Suite 5510
                                Kansas City, Missouri 64106
                                Telephone: (816) 426-3130
                                Facsimile: (816) 426-3165
                                Email: vanessa.kamberis@usdoj.gov

                                ATTORNEYS FOR DEFENDANT

# TABLE OF CONTENTS

<b><u>Page(s)</u></b>

Table of Contents ................................................................................................................. i

Table of Authorities ............................................................................................................. ii

I. Overview ................................................................................................................. 1

II. Statement of Undisputed Facts ............................................................................... 2

III. Legal Standard ........................................................................................................ 2

IV. The Court Should Grant Summary Judgment on Plaintiff's Retaliation Claim Based on Lowered Performance Ratings (Count IX) ............................................. 3

V. The Court Should Reconsider its Ruling on Plaintiff's Non-Selection Retaliation Claim (Count II) ..................................................................................................... 8

    A. The Court's Ruling ..................................................................................... 8

    B. Reconsideration is Warranted .................................................................... 9

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*ADA Martinez-Medina v. Vilsack*, No. 22-00021-CV-W-GAF, 2024 U.S. Dist. LEXIS 199101 (W.D. Mo. Apr. 23, 2024) .................................................................................. 14

*AMTRAK v. Morgan*, 536 U.S. 101 (2002) ................................................................................ 14

*Anderson v. Liberty Lobby*, 477 U.S. 242 (1986) ........................................................................ 2

*Arnold v. ADT Sec. Servs., Inc.*, 627 F.3d 716 (8th Cir. 2010) ..................................................... 3

*Beloate v. DeJoy*, No. 5:22-cv-06037-DGK, 2023 U.S. Dist. LEXIS 177842
  (W.D. Mo. Oct. 3, 2023) ............................................................................................................ 8

*Bradley v. Tri-Lakes CASA, Inc.*, No. 6:22-CV-06059, 2024 WL 4360498
  (W.D. Ark. Sept. 30, 2024) ........................................................................................................ 4

*Broadway v. Norris*, 193 F.3d 987 (8th Cir. 1999) ...................................................................... 3

*Brown v. Saul*, No. 4:18-CV-00617-DGK, 2020 U.S. Dist. LEXIS 63823
  (W.D. Mo. Apr. 13, 2020) ........................................................................................................ 11

*Burchett v. Target Corp.*, 340 F.3d 510 (8th Cir. 2003) ............................................................... 5

*Celotex Corp. v. Catrett*, 477 U.S. 317 (1986) ............................................................................ 2

*Chambers v. Metro. Prop. & Cas. Ins. Co.*, 351 F.3d 848 (8th Cir. 2003) ................................... 9

*Cole v. Grp. Health Plan, Inc.*, 105 F.4th 1110 (8th Cir. 2024) .................................................... 4

*Collins v. Union Pac. R.R. Co.*, 108 F.4th 1049 (8th Cir. 2024) .............................................. 3, 4

*Du Bois v. Bd. of Regents of Univ. of Minn*, 987 F.3d 1199 (8th Cir. 2021) ................................ 5

*Equal Emp. Opportunity Comm'n v. Sun Chem. Corp.*, No. 4:23-CV-00694-RK,
  2024 WL 4700647 (W.D. Mo. Nov. 6, 2024) ............................................................................ 4

*Est. of Barnwell v. Watson*, 880 F.3d 998 (8th Cir. 2018) ......................................................... 11

*Evers v. Alliant Techsystems, Inc.*, 241 F.3d 948 (8th Cir. 2001) ................................................. 9

*Ferris v. Vertex, Inc.*, No. 24-00522-CV-W-JAM, 2025 U.S. Dist. LEXIS 361014
  (W.D. Mo. Aug. 15, 2025) ......................................................................................................... 4

*Gibson v. Concrete Equip. Co., Inc.*, 960 F.3d 1057 (8th Cir. 2020) ........................................... 6

*Hagerman v. Yukon Energy Corp.*, 839 F.2d 407 (8th Cir. 1988) .................................................. 3

*Heisler v. Nationwide Mut. Ins. Co.*, 931 F.3d 786 (8th Cir. 2019) ........................................... 4, 5

*Hill v. City of Pine Bluff, Ark.*, 696 F.3d 709 (8th Cir. 2012) ...................................................... 10

*Jordan v. Best Buy Co., Inc.*, No. 24-1066 (DWF/DTS), 2025 U.S. Dist. LEXIS 361679
  (D. Minn. Aug. 13, 2025) ........................................................................................................ 3

*Kipp v. Missouri Highway and Transp. Comm'n*, 280 F.3d 893 (8th Cir. 2002) ........................... 6

*LaCroix v. Sears, Roebuck, and Co.*, 240 F.3d 688 (8th Cir. 2001) ................................................ 5

*Lewis v. McDonough*, No. 4:21-cv-0944-DGK, 2024 U.S. Dist. LEXIS 27236
  (W.D. Mo. Feb. 16, 2024) ................................................................................................ 10, 11

*Martinez-Medina v. Rollins*, 144 F.4th 1091 (8th Cir. 2025) .......................................................... 5

*McClure v. Little Rock Sch. Dist.*, No. 4:17CV00424 JLH, 2019 U.S. Dist. LEXIS 64064
  (E.D. Ark. Apr. 15, 2019) ...................................................................................................... 12

*McNary v. Schreiber Foods, Inc.*, 535 F.3d 765 (8th Cir. 2008) ................................................. 6, 7

*Moses v. Dassault Falcon Jet-Wilmington Corp*, 894 F.3d 911 (8th Cir. 2018) .......................... 14

*Muldrow v. City of St. Louis, Missouri*, 601 U.S. 346 (2024) .............................................. 1, 3, 4

*Pearson v. Massachusetts Bay Transp. Auth*, 723 F.3d 36 (1st Cir. 2013) .................................. 12

*Pujji v. Buttigieg*, No. 4:21-cv-00445-SEP, 2025 U.S. Dist. LEXIS 102871
  (E.D. Mo. Jan. 29, 2025) ......................................................................................................... 4

*Ricci v. DeStefano*, 557 U.S. 557 (2009) ....................................................................................... 2

*Richter v. Advance Auto Parts, Inc.*, 686 F.3d 847 (8th Cir. 2012) .............................................. 14

*Robinson v. N. Am. Sch. Bus*, No. 4:16 CV 1576 RWS, 2017 U.S. Dist. LEXIS 61966
  (E.D. Mo. Apr. 24, 2017) ...................................................................................................... 14

*Sieden v. Chipotle Mexican Grill, Inc.*, 846 F.3d 1013 (8th Cir. 2017) .......................................... 8

*Smith v. Allen Health Sys., Inc.*, 302 F.3d 827 (8th Cir. 2002) ..................................................... 12

*Spears v. Missouri Dep't of Corr. & Human Res.*, 210 F.3d 850 (8th Cir. 2000) .......................... 5

*St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502 (1993) ..................................................................... 5

*Suzuki-Tyrey v. Rehab. Inst. of St. Louis*, No. 4:23-cv-00747-SEP, 2025 U.S. Dist. LEXIS 179109 (E.D. Mo. Jan. 10, 2025) .................................................................................................. 4

*Thomas v. Corwin*, 483 F.3d 516 (8th Cir. 2007) .......................................................................... 2

*Torgerson v. City of Rochester*, 643 F.3d 1031 (8th Cir. 2011) ..................................................... 11

*Walton v. McDonnell Douglas Corp.*, 167 F.3d 423 (8th Cir. 1999) ............................................... 9

*Williams v. Perdue*, No. 4:17-CV-01531-JAR, 20018 U.S. Dist. LEXIS 207757 (E.D. Mo. Dec. 10, 2018) .................................................................................................. 10

*Wittenburg v. Am. Exp. Fin. Advisors, Inc.*, 464 F.3d 831 (8th Cir. 2006) .................................... 11

*Woods v. Collins*, No. 24-2609, 2025 U.S. Dist. LEXIS 359426 (8th Cir. Aug. 29, 2025) ............ 5

**<u>Rules</u>**

Fed. R. Civ. P. 56.......................................................................................................................... 1

Fed. R. Civ. P. 56(a) ..................................................................................................................... 2

Fed. R. Civ. P. 56(c) ..................................................................................................................... 2

Fed. R. Civ. P. 56(e)(2) ................................................................................................................. 2

Fed. R. Civ. P. 60 .......................................................................................................................... 1

Fed. R. Civ. P. 60(b) ..................................................................................................................... 8

IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| CORICHIA BRISCO, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 4:23-CV-00031-BP |
| | ) |
| MICHAEL RIGAS, ACTING | ) |
| ADMINISTRATOR OF GENERAL | ) |
| SERVICES ADMINISTRATION, | ) |
| | ) |
| Defendant. | ) |

**DEFENDANT'S SUPPLEMENTAL MOTION FOR SUMMARY JUDGMENT AND RECONSIDERATION AND INCORPORATED SUGGESTIONS IN SUPPORT**

Defendant Michael Rigas, Acting Administrator of the General Services Administration ("GSA"), pursuant to Fed. R. Civ. P. 56 and 60, moves the Court (1) for an order granting summary judgment in favor of Defendant on Count IX alleged by Plaintiff Corichia Brisco in her Consolidated Complaint ("Complaint") and (2) for reconsideration of the Court's denial of summary judgment on Count II of Plaintiff's Complaint.

**I.    Overview**

On June 9, 2025, Defendant filed its Motion for Summary Judgment on Counts I – IX of Plaintiff's Complaint. Doc. #50. On September 11, 2025, the Court granted summary judgment in favor of Defendant on Counts I, III, IV, V, VI, and VII. Doc. #65. The Court denied without prejudice summary judgment on Count IX for retaliation, relating to Plaintiff's lowered performance appraisals in November 2021 and May 2022, and requested additional briefing in light of the Supreme Court's holding in *Muldrow v. City of St. Louis, Missouri*, 601 U.S. 346 (2024). Doc. #65 at 31. The Court denied summary judgment Count II for retaliation finding there

was a genuine issue of material fact as to whether the selection process for the Lead Workers' Compensation Position "was infected with discriminatory animus." Doc. #65 at 20.

Thus, the only counts remaining in this consolidated action are (1) retaliation for Plaintiff's lowered performance reviews (Count IX) and (2) retaliation for Plaintiff's non-selection for the Lead Workers' Compensation Position (Count II).

## II. Statement of Undisputed Facts

For sake of efficiency, Defendant incorporates by reference its statement of undisputed facts included in its original summary judgment briefing. Doc. #50 at 2-16.

## III. Legal Standard

Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The movant "bears the initial responsibility of informing the district court of the basis of its motion," and must identify "those portions of [the record] . . . which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). *See also* Fed. R. Civ. P. 56(c). If the movant does so, the non-movant must respond by submitting evidentiary materials that set out "specific facts showing that there is a genuine issue for trial." *Celotex*, 477 U.S. at 324, quoting former Fed. R. Civ. P. 56(e)(2). "Mere allegations, unsupported by specific facts or evidence beyond the nonmoving party's own conclusions, are insufficient to withstand a motion for summary judgment." *Thomas v. Corwin*, 483 F.3d 516, 526-27 (8th Cir. 2007). The non-movant must present evidence that is "significantly probative," and not "merely colorable." *Anderson v. Liberty Lobby*, 477 U.S. 242, 249-50 (1986). "Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial." *Ricci v. DeStefano*, 557 U.S. 557, 586 (2009).

Motions to reconsider a non-final order are analyzed as Rule 60(b) motions. *Jordan v. Best Buy Co., Inc.*, No. 24-1066 (DWF/DTS), 2025 U.S. Dist. LEXIS 361679, at *4 (D. Minn. Aug. 13, 2025) (citing *Broadway v. Norris*, 193 F.3d 987, 989 (8th Cir. 1999)). "Motions for reconsideration serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." *Arnold v. ADT Sec. Servs., Inc.,* 627 F.3d 716, 721 (8th Cir. 2010) (citing *Hagerman v. Yukon Energy Corp.*, 839 F.2d 407, 414 (8th Cir. 1988)). Here, Defendant seeks to correct errors of law and fact regarding the Court's ruling on Count II.

### IV. The Court Should Grant Summary Judgment on Plaintiff's Retaliation Claim Based on Lowered Performance Ratings (Count IX).

Count IX of Plaintiff's Complaint alleges discrete acts of retaliation when (1) on November 15, 2021, Plaintiff received a Level 4 annual performance rating and (2) May 20, 2022, Plaintiff received a Level 3 mid-year performance rating.

On September 11, 2025, the Court denied without prejudice Defendant's motion for summary judgment on Count IX for retaliation and requested Defendant address the claim in light of *Muldrow v. City of St. Louis, Missouri*, 601 U.S. 346, 357- 58 (2024). In *Muldrow*, the Supreme Court relaxed the standard for an "adverse employment action" for discrimination claims under Title VII. *Muldrow* did not impact the standard for an "adverse employment action" for Title VII retaliation claims.

In its Order, the Court cites to *Collins v. Union Pac. R.R. Co.*, 108 F.4th 1049 (8th Cir. 2024) as a basis for the request for additional briefing. Doc. #65 at 31. In *Collins,* the Eighth Circuit Court of Appeals remanded a discrimination and retaliation claim, in light of *Muldrow*, because the district court granted the defendant's motion for summary judgment based on the absence of an adverse action prior to the *Muldrow* decision. The Eighth Circuit explained "in clarifying the requirements of a <u>Title VII discrimination claim</u>, '[t]he Supreme Court recently obviated the

requirement—replete in our case law—that the [adverse employment action] be "significant," "material," or "serious."' *Collins*, 108 F.4th at 1053 (emphasis added) (citing *Cole v. Grp. Health Plan, Inc.*, 105 F.4th 1110, 1114 (8th Cir. 2024) (quoting *Muldrow*, 144 S. Ct. at 975 n.2)). The *Collins* court did not specifically address the impact of *Muldrow* on the claims or hold that the *Muldrow* standard applies to retaliation claims.

Critically, when citing *Collins* and addressing the question of what constitutes an adverse action for the purposes of a retaliation claim post-*Muldrow*, other district courts within the Eighth Circuit either refused to apply *Muldrow* in the retaliation context or doubted its applicability. *See Equal Emp. Opportunity Comm'n v. Sun Chem. Corp.*, No. 4:23-CV-00694-RK, 2024 WL 4700647, at *6 (W.D. Mo. Nov. 6, 2024) ("The Court questions whether *Muldrow*'s revised standard applies in the retaliation context."); *Bradley v. Tri-Lakes CASA, Inc.*, No. 6:22-CV-06059, 2024 WL 4360498, at *11-12 (W.D. Ark. Sept. 30, 2024) (citing *Burlington* as the standard for analyzing retaliation claims and *Muldrow* as the standard for analyzing discrimination claims).

Moreover, Defendant is not aware of any Eighth Circuit or Supreme Court precedent applying *Muldrow* to a Title VII retaliation claim. *See Pujji v. Buttigieg*, No. 4:21-cv-00445-SEP, 2025 U.S. Dist. LEXIS 102871, at *33 (E.D. Mo. Jan. 29, 2025); *Ferris v. Vertex, Inc.*, No. 24-00522-CV-W-JAM, 2025 U.S. Dist. LEXIS 361014, at *27 (W.D. Mo. Aug. 15, 2025) (*Muldrow* explicitly distinguished retaliation claims, which continue to require a materially adverse action, as opposed to just "some harm."); *Suzuki-Tyrey v. Rehab. Inst. of St. Louis*, No. 4:23-cv-00747-SEP, 2025 U.S. Dist. LEXIS 179109, at *11 n.7 (E.D. Mo. Jan. 10, 2025). Therefore, Plaintiff's Title VII retaliation claim is not impacted by *Muldrow* and summary judgment is warranted.

Applying the well-settled *McDonnell Douglas* test, Brisco bears the initial burden of establishing *prima facie* case of retaliation. *Heisler v. Nationwide Mut. Ins. Co.*, 931 F.3d 786, 794 (8th Cir. 2019). To initially shift the burden to GSA under *McDonnell Douglas*, Brisco generally must establish:

(1) she engaged in protected activity,
(2) she was meeting the legitimate expectations of her job duties,
(3) she suffered an adverse employment action(s), and
(4) a causal connection exists between her protected activity(ies) and the adverse action(s).

*Du Bois v. Bd. of Regents of Univ. of Minn*, 987 F.3d 1199, 1203 (8th Cir. 2021).

If (and only if) Brisco establishes such *prima facie* case, then the burden shifts to GSA to articulate legitimate reasons for each of its adverse actions. *Heisler*, 931 F.3d at 794. Once GSA articulates such reasons, the burden shifts back to Brisco to show that GSA's stated reasons are "merely a pretext for discrimination or retaliation." *Id*. However, "[d]espite this shifting of the burden of production, 'the plaintiff at all times bears the ultimate burden of persuasion.'" *Id.* (quoting, in part, *St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 511 (1993)).

First, Brisco cannot establish a *prima facie* claim of retaliation because her lowered performance reviews are not adverse employment actions. "A negative performance review is not in itself an adverse employment action and is actionable only if the employer subsequently uses that review to alter the terms or conditions of employment to the detriment of the employee." *Burchett v. Target Corp.*, 340 F.3d 510, 518-19 (8th Cir. 2003); *see also Spears v. Missouri Dep't of Corr. & Human Res.*, 210 F.3d 850, 854 (8th Cir. 2000). Here, there is no evidence that the lowered performance ratings were used as a basis for a reduction in pay, transfer, or other change to a term or condition of Plaintiff's employment. *Woods v. Collins*, No. 24-2609, 2025 U.S. Dist. LEXIS 359426, at *6 (8th Cir. Aug. 29, 2025) (citing *Martinez-Medina v. Rollins*, 144 F.4th 1091, 1096 (8th Cir. 2025)). The fact that Brisco was not happy with her ratings does not make the

reviews negative or adverse actions. *LaCroix v. Sears, Roebuck, and Co.*, 240 F.3d 688, 691 (8th Cir. 2001).

However, the Court need not determine if the lowered performance ratings were adverse actions because Defendant has articulated a legitimate non-discriminatory justification such that summary judgment remains appropriate on Count IX.

Assuming Plaintiff's lowered ratings were adverse employment actions (which they are not), there is no causal connection between the performance ratings and Plaintiff's EEO activity. Brisco relies primarily on alleged temporal proximity between her initial EEO contact in June 2021 and her annual performance rating in November 2021 and her second EEO contact in September 2022 and her mid-year performance rating in May 2022, to suggest causation. But, "generally, more than a temporal connection between protected activity and an adverse employment action is required to show a genuine factual issue on retaliation exists." *Gibson v. Concrete Equip. Co., Inc.*, 960 F.3d 1057, 1065 (8th Cir. 2020) (internal quotation marks omitted). The Eighth Circuit has found that even an interval of even two months between an employee's engagement in protected activity and the adverse action alleged as retaliation "so dilutes any inference of causation that we are constrained to hold as a matter of law that the temporal connection could not justify a finding in [the plaintiff's] favor on the matter of causal link." *Kipp v. Missouri Highway and Transp. Comm'n*, 280 F.3d 893, 897 (8th Cir. 2002).

Even if Plaintiff can establish a *prima facie* case of retaliation, she cannot establish that GSA's reasoning for lowering her performance rating was a mere pretext for retaliation. The Eighth Circuit has explained a plaintiff "must demonstrate that a discriminatory animus lies behind the defendants' neutral explanations." *McNary v. Schreiber Foods, Inc.,* 535 F.3d 765, 769 (8th Cir. 2008). "To prove pretext, the employee must do more than show that the employment

action was ill-advised or unwise, rather [the employee] must show that the employer has offered a 'phony excuse.'" *Id.* Therefore, "a proffered legitimate, non-discriminatory reason for [an adverse employment action] need not, in the end, be correct if the employer honestly believed the asserted grounds at the time of the [action]. *Id.*

Here, Plaintiff received a Level 4 rating of "Above Fully Successful" for the critical element "Customer Relations" in her annual performance rating from November 15, 2021. In support thereof, Hamlin explained Plaintiff did not appropriately research a case requiring the agency to reopen the matter. Doc. #50-11. Plaintiff also received a Level 4 rating of "Above Fully Successful" for the critical element "Communication" for which Hamlin cited several instances of poor communication. *Id.*

As it relates to the May 2022 mid-year performance rating, Plaintiff received a Level 3 rating of "Fully Successful" for the critical element of "Customer Relations." In support thereof, Hamlin explained that after the completion of Plaintiff's temporary detail,

> Individual tasks were completed within the established procedures and timeframes but [Brisco] only satisfactorily communicated and partnered with her team members to accomplish tasks. [Brisco] did not show interest, motivation, or determination to exceed organizational goals within the branch. Overall[, Brisco] performed her primary job assignments satisfactorily.

Doc. #50-14.

Similarly, Plaintiff received a Level 3 rating of "Fully Successful" for the critical element of "Communication." Hamlin explained several instances where Plaintiff "did not communicate in such a way that warranted a higher rating." *Id.* In particular, Hamlin explained between April and September of 2022, Plaintiff demonstrated inadequate communication by failing to timely inform Hamlin of her desire to attend a multi-day training, skipping branch staff meetings, not explaining why she was late to scheduled meetings, and failing to adhere to telework protocols.

7

Hamlin's comments in support of both performance reviews are legitimate support for Brisco's performance ratings and Brisco has no evidence that the comments are a mere pretext for retaliation. *Beloate v. DeJoy*, No. 5:22-cv-06037-DGK, 2023 U.S. Dist. LEXIS 177842, at *13 (W.D. Mo. Oct. 3, 2023) (citing *Sieden v. Chipotle Mexican Grill, Inc.*, 846 F.3d 1013, 1017 (8th Cir. 2017)) ("avenues for proving pretext include demonstrating that the employer's explanation 'has no basis in fact,' that the employer 'shifted its explanation,' or that 'the employer deviated from [its] policies.' ").

In sum, (1) *Muldrow* did not impact the standard for Title VII retaliation claims and (2) Plaintiff's retaliation claim relating to the lowering of her performance ratings is without merit such that summary judgment should be granted.

**V.     The Court Should Reconsider its Ruling on Plaintiff's Non-Selection Retaliation Claim (Count II).**

Pursuant to Rule 60(b), Defendant seeks reconsideration of the Court's ruling on Count II to correct the legal and factual error that there is a genuine issue of material fact relating to Plaintiff's non-selection claim.

**A.     The Court's Ruling**

In denying summary judgment on Count II, the Court made three incorrect factual and legal rulings. First, the Court found "GSA ha[d] not presented evidence that Johnson had more experience or was better qualified and relies only on the reviews of the interview committee." Doc. #65 at 22. However, the Court erred because it is undisputed that Johnson was the more qualified candidate and the panel recommended Johnson based on her experience *and* her interview answers. The panel used both subjective and objective criteria in its selection process. Therefore, GSA had a legitimate non-discriminatory reason for its action and Plaintiff presented no evidence of pretext to survive summary judgment.

8

Second, the Court found Plaintiff submitted evidence that "if believed, may support an inference of causation and retaliatory motive" because "the committee returned almost identical numerical rankings for Johnson and Brisco" and "one of the selection members was aware of Plaintiff's EEO activity." The Court erred because Plaintiff's proffered evidence is lacking because each panelist's numerical evaluations were supported by their independent reasoning and in no part were their evaluations or recommendations based on their knowledge of Plaintiff's protected activity.

Third, the Court found "Plaintiff has presented a pattern of actions by GSA that occurred after the protected activity and that evidence can supply the 'extra quantum' to satisfy the casual connection." Doc. #65 at 23. However, the Court erred because Plaintiff's "pattern of actions" are not adverse actions and do not provide the requisite causal connection to withstand summary judgment. And, even if the "pattern of actions" were adverse actions, they were not timely raised. For these reasons, reconsideration is warranted, and the Court should grant summary judgment on Count II.

### B. Reconsideration is Warranted

"In order to defeat summary judgment, a plaintiff must present affirmative evidence rather than simply contend that a jury *might* disbelieve the defendant's evidence." *Evers v. Alliant Techsystems, Inc.*, 241 F.3d 948, 958 (8th Cir. 2001) (citing *Walton v. McDonnell Douglas Corp.*, 167 F.3d 423, 428 (8th Cir. 1999)) (emphasis added). The case law is clear, "[i]t is not the role of [the] court to sit as a super-personnel department to second guess the wisdom of a business's personnel decisions." *Chambers v. Metro. Prop. & Cas. Ins. Co.*, 351 F.3d 848, 858 (8th Cir. 2003). "A comparison that reveals that the plaintiff was only as qualified as the retained employees would not raise an inference of discrimination." *Evers,* 241 F.3d at 958. Here, the Court erred in

finding an inference of discrimination in the selection process because Plaintiff did not present any affirmative evidence as required by law.

First, when finding an inference of discrimination, the Court disregarded the undisputed fact that Johnson was the more qualified candidate. As discussed by the interview panel, Johnson's workers' compensation experience began with the United States Postal Service ("USPS") in 2012 and the panel in part recommended Johnson based on her extensive experience with workers' compensation. Doc. #50 at 22; Doc. #50-16 at GSA_001300; *Hill v. City of Pine Bluff, Ark.*, 696 F.3d 709, 714 (8th Cir. 2012) (selecting candidate viewed by the employer as "more experienced" and "better qualified" was a legitimate nondiscriminatory reason for the plaintiff's non-selection). Although Plaintiff had some prior workers' compensation experience, that experience was <u>not</u> reflected in her resume and Plaintiff did not sufficiently discuss this experience during her interview. Doc. #50-2 at GSA_001289; *Williams v. Perdue*, No. 4:17-CV-01531-JAR, 20018 U.S. Dist. LEXIS 207757, at *17 (E.D. Mo. Dec. 10, 2018) ("Errors in a resume would give rise to legitimate concerns regarding any candidate applying for a job."). It is thus undisputed that in addition to her higher interview scores, Johnson was the more qualified candidate for the Lead Workers' Compensation position. *Lewis v. McDonough*, No. 4:21-cv-0944-DGK, 2024 U.S. Dist. LEXIS 27236, at *13 (W.D. Mo. Feb. 16, 2024) (defendant has a legitimate non-discriminatory reason for non-selection when it viewed the selectee as better qualified since she had the highest resume and interview scores). Therefore, the Court erred in denying summary judgment on Count II because there was a legitimate non-discriminatory reason for Plaintiff's non-selection – Johnson was the more qualified candidate.

The Court further erred when it found Plaintiff's evidence (the selecting official and an individual panel member knew of Plaintiff's protected activity and the interview panel returned

similar numerical rankings for the candidates) "may support an inference of causation and retaliatory motive." First, Eighth Circuit law is undisputed that at summary judgment, a plaintiff is required to present affirmative evidence, not simply contend that a jury might disbelieve a defendant's evidence. *Est. of Barnwell v. Watson*, 880 F.3d 998, 1005 (8th Cir. 2018).

Second, even if this evidence was sufficient, the similar numerical rankings do not give rise to an inference of causation or retaliatory motive because each numerical evaluation was supported by clear and specific reasoning from each panelist. *Torgerson v. City of Rochester*, 643 F.3d 1031, 1050 (8th Cir. 2011) ("The interviewers here were able to explain, in clear and reasonably specific terms, their reasons for scoring [the non-selectees] lower than the hired candidates."); *Wittenburg v. Am. Exp. Fin. Advisors, Inc.*, 464 F.3d 831, 839 (8th Cir. 2006) ("[T]he presence of subjectivity in employee evaluations is *itself* not a grounds for challenging those evaluations as discriminatory. Instead, [plaintiff] must present affirmative evidence that [defendant] manipulated the rating system to discriminate against her on an impermissible basis."); *Brown v. Saul*, No. 4:18-CV-00617-DGK, 2020 U.S. Dist. LEXIS 63823, at *9 (W.D. Mo. Apr. 13, 2020) (summary judgment granted when plaintiff relied on "mere opinion and speculation" to support the numerical scoring system was a pretext for discrimination); *Lewis*, 2024 U.S. Dist. LEXIS 27236, at *14-15 ("a plaintiff's own opinions that she should have received higher interview scores are simply irrelevant as it is the employer's perception that is relevant, not the applicant's subjective evaluation of her own relative performance."). And, as explained, the panel did not exclusively rely on Johnson's interview performance, rather they also recommended Johnson based on her extensive experience with both the Workers' Compensation Programs at both USPS and GSA. Doc. #50-16 at GSA_001300; *Torgerson*, 643 F.3d at 1049 ("Where the employer does not rely exclusively on subjective criteria, but also on objective criteria and

education, the use of subjective considerations does not give rise to an inference of discrimination."). Moreover, "knowledge of protected activity alone cannot provide the causal link in a retaliation case." *McClure v. Little Rock Sch. Dist.*, No. 4:17CV00424 JLH, 2019 U.S. Dist. LEXIS 64064, at *11 (E.D. Ark. Apr. 15, 2019) (citing *Pearson v. Massachusetts Bay Transp. Auth*, 723 F.3d 36, 42 (1st Cir. 2013) (Souter, J., sitting by designation)). And, the selecting official said she based her selection "solely on the numerical scores provided by the [ ] panel." Doc. #50-1 at GSA_001132.

Instead of presenting affirmative evidence to support her claim, Plaintiff relies on her own belief that she should have received higher scores which is insufficient to prevail at summary judgment. Based on these undisputed facts, Plaintiff has not shown that GSA's non-selection was a mere pretext for retaliation and summary judgment is warranted.

Lastly, the Court erred by finding "Plaintiff has presented a pattern of actions by GSA that occurred after the protected activity and that evidence can supply the "extra quantum" to satisfy the casual connection." Doc. #65 at 23. In reaching this conclusion, the Court cited *Smith v. Allen Health Sys., Inc.,* 302 F.3d 827, 832 (8th Cir. 2002), which held "a pattern of adverse actions that occur just after protected activity can supply the extra quantum of evidence to satisfy the causation requirement."

The "pattern of actions" presented by Plaintiff and relied on by the Court are:

1. Beginning June 2021, Plaintiff raised her complaints with her first-line supervisor.

2. On September 12, 2021, Plaintiff filed her formal Complaint of Discrimination following her direct complaints to her first-line supervisor.

3. On September 16, 2021, Plaintiff's first-line supervisor assigned her to a detail without notice or her input. At all times prior, this detail assignment was not available.

4. On November 15, 2021, Plaintiff's first-line supervisor lowered her performance appraisal which, for all prior years, had been outstanding.

5. In March 2022, after six months of work, GSA denied Plaintiff a career opportunity to brief the Deputy Administrator on her detail assigned work, American Sign Language (ASL) project.

6. In March 2022, Jackie Clay directed other officials to deny Plaintiff a detail extension.

7. After Plaintiff returned to her full-time position, Plaintiff's first-line supervisor created a hostile work environment.

8. In May 2022, upon Plaintiff's return to permanent position, Plaintiff's first-line supervisor lowered her mid-year performance appraisal.

9. On May 9, 2022, Plaintiff's first-line supervisor, denied Plaintiff an opportunity to participate in a career-advancement opportunity and speak at an Agency wide peer panel. The supervisor gave permission after the forum concluded.

10. On May 24, 2022, Audrey Peel, Plaintiff's second-line supervisor, told Plaintiff that she is "irritated and tired of the nonsense" and tired of all of the discussions about her; and claimed, "it is a disruption in OHRM."

11. On August 24, 2022, Plaintiff interviewed for a position for which she was non-selected. The selecting official was her second-line supervisor about whom she complained.

12. On September 15, 2022, Plaintiff filed her a second formal Complaint of Discrimination.

13. On September 20, 2022, Plaintiff's first-line supervisor disciplined Plaintiff via Memorandum of Counseling.

14. In September 20, 2022, Plaintiff's first-line supervisor hired and promoted a less qualified white female to Lead Worker's Compensation, GS-0201AT-13 position.

15. On October 23, 2022, Hamlin reassigned Tim Gabrish to Branch Chief Position. Gabrish became Plaintiff's first-line supervisor.

16. After Gabrish became Plaintiff's first line supervisor perpetuated the hostile work environment during scheduled 1-1 meetings.

17. In December 2022, Defendant terminated Plaintiff's health insurance, without notice and directed Plaintiff to submit medical documentation to justify her reasonable accommodation request.

Doc. #59 at 34 -35.

The Court erred in its ruling because these acts cannot be adverse employment actions because they are not discrete acts of retaliation and were raised for the first time in Plaintiff's response to summary judgment. *Robinson v. N. Am. Sch. Bus*, No. 4:16 CV 1576 RWS, 2017 U.S. Dist. LEXIS 61966, at *6 (E.D. Mo. Apr. 24, 2017) ("Discrete acts such as retaliation, failure to promote, denial of transfer, or refusal to hire constitute separate actionable unlawful employment practices."). And, even if the complained of actions amount to discrete actions of retaliation, they were not timely raised and are now barred from review. "Each discrete act is a different unlawful employment practice for which a separate charge is required." *Moses v. Dassault Falcon Jet-Wilmington Corp*, 894 F.3d 911, 920 (8th Cir. 2018) (citing *Richter v. Advance Auto Parts, Inc.*, 686 F.3d 847, 851 (8th Cir. 2012)); *AMTRAK v. Morgan*, 536 U.S. 101, 113 (2002) ("Discrete discriminatory acts are not actionable if time barred, even when they are related to acts alleged in timely filed charges.").

Even assuming Plaintiff's asserted list provides discrete employment actions, they are not adverse employment actions under the law because there is no evidence of a "loss of pay, benefits, promotional advantage, or disadvantageous change in an employment term or condition on an easily identifiable occurrence." *ADA Martinez-Medina v. Vilsack*, No. 22-00021-CV-W-GAF, 2024 U.S. Dist. LEXIS 199101, at *23 (W.D. Mo. Apr. 23, 2024). Further, Plaintiff provides no casual connection between the events and her protected activity. Lastly, throughout its Order, the Court discussed and discredited these events, specifically noting that Plaintiff's briefing falls short of addressing her claims. Plaintiff cannot simply assert a timeline of events and say they are

14

Case 4:23-cv-00031-BP    Document 74    Filed 12/10/25    Page 19 of 20

adverse employment actions to establish the causal connection required by the Eighth Circuit. For the reasons stated herein, reconsideration is warranted, and the Court should grant summary judgment on Count II.

                        Respectfully submitted,

                        R. Matthew Price
                        United States Attorney

By:    ***/s/ Vanessa C. Kamberis***
        Vanessa C. Kamberis, IL #6336132
        Assistant United States Attorney
        Western District of Missouri
        400 East Ninth Street, Suite 5510
        Kansas City, Missouri 64106
        Telephone: (816) 426-3130
        Facsimile: (816) 426-3165
        Email: vanessa.kamberis@usdoj.gov

        ATTORNEYS FOR DEFENDANT